E-FILED
Tuesday, 27 January, 2009  10:27:00 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

JEFFERY THEADOR DAVIS,
    Plaintiff,


vs.                           No. 09-1019,


BLOOMINGTON HOUSING AUTHORITY,  et al.,
    Defendants

### MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the court for a merit review of the plaintiff's complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The pro se plaintiff, a state prisoner, has filed his complaint pursuant to 42 U.S.C.§ 1983 against six defendants including the Bloomington Housing Authority, the Chief Administrator of the Bloomington Housing Authority, the Woodhill Tower Manager, Woodhill employee David McAtee, the City of Bloomington and Police Officer Nikolai Jones.

The plaintiff says on October 26, 2006, he was at the Woodhill Tower within the Bloomington Housing Authority (herein BHA).   The plaintiff says he was approached by Defendant McAtee who told the plaintiff he was a security officer for the BHA.  The plaintiff says Defendant McAtee, without provocation, grabbed the plaintiff with both hands.  "The plaintiff instinctively shifted his body which caused the dependant to lose his balance and fall." (Comp, p. 6).   The plaintiff says he was "reacting out of fear that he was about to be assaulted and battered." *Id.*

The plaintiff says he walked away when Police Officer Jones confronted him and placed him under arrest for aggravated battery of a security guard.   The plaintiff says he tried to explain that video camera surveillance would show that he was the actual victim, but he was still placed under arrest.

The plaintiff says neither the officer nor any other of the defendants made any attempt to obtain a copy of the video tape.   The plaintiff also alleges that the BHA employee was unlicensed, untrained and unqualified.

The plaintiff says as a result of the defendants actions, his mandatory supervised release was violated and he was returned to the Illinois Department of Corrections on November 11, 2008. In addition, on or about November 12, 2008, the McLean County States Attorney charged the plaintiff with a felony for aggravated battery of a person over 60 years old on a public way.  The

court notes that the Illinois Department of Corrections reports that the plaintiff is currently serving a sentence based on a McLean County charges of Aggravated Battery in a Public Place.

The plaintiff says the City of Bloomington has engaged in a conspiracy with the States Attorney's office to retaliate against the plaintiff for his past civil rights filings and complaints.

There are several problems with the plaintiffs's complaint.  It is not entirely clear that the Woodhill Tower Manager, the BHA Chief Administrator or BHA Officer David McAtee would be considered "state actors" under §1983.   In addition, the plaintiff has not stated any claim upon which relief can be granted against Police Officer Jones.  The officer arrested the plaintiff.  The fact that the plaintiff believes the officer should have reviewed a video tape, does not state a violation of his constitutional rights.

More importantly, the plaintiff cannot file a federal lawsuit pursuant to §1983 challenging the basis of his parole revocation and a criminal conviction unless he can demonstrate that those decisions have been overturned.  In *Heck v Humphrey,* 512 U.S. 477, 487 (1994), the Supreme Court held that when a state prisoner seeks damages in a §1983 lawsuit that would call into question the validity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been overturned.   In this case, the plaintiff clearly calls his parole revocation and conviction into question by claiming that he did not commit the offense and by further claiming that his conviction was the result of retaliation and conspiracy.

If the plaintiff has in fact successfully challenged his conviction or the court has misinterpreted his claims, he may file a motion to reconsider with this court.  However, based on the allegations in the plaintiff's complaint, the court must dismiss the plaintiffs' case for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.  All pending motions are denied as moot [d/e 2], and this case is closed, with the parties to bear their own costs;**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding**

**monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4)       **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5)       **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6)       **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 27th day of January, 2009.


**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE